Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5455 | **DATE** | 11/4/2002 |
| **CASE TITLE** | Steele vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's petition for an award of fees and costs pursuant to the Equal Access to Justice Act is granted in the amount of $20,890.95. Enter Memorandum Opinion and Order. Ruling set for 11/22/02 is vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 0 5 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/4/2002 | |
| MPJ | courtroom deputy's initials | | date mailed notice MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERRY STEELE,             )
                          )
         Plaintiff,       )
                          )
    v.                    )
                          )   No.  99 C 5455
JO ANNE BARNHART, COMMISSIONER OF )
SOCIAL SECURITY,          )
                          )
         Defendant.       )
                          )

**MEMORANDUM OPINION AND ORDER**

DOCKETED

NOV 0 5 2002

Plaintiff Terry Steele, a former City of Chicago firefighter, was injured in 1994 while fighting a fire when he passed out from smoke inhalation and fell down a flight of stairs. Following the injury, he was diagnosed with epilepsy among other things. In 1996 he applied for Supplemental Security Insurance from the Social Security Administration ("SSA"). An administrative law judge ("ALJ") found that Mr. Steele was not disabled and denied benefits; the SSA's appeal council declined review. Mr. Steele sought review in this court of the agency's decision, which I upheld. On appeal, the Seventh Circuit remanded the case to the SSA for further proceedings. *Steele v. Barnhart*, 290 F.3d 936, 938 (7th Cir. 2002). Mr. Steele now brings a petition for an award of fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). I grant the petition, and award Mr. Steele attorneys' fees in the amount of $20,890.95.

I. Equal Access to Justice Act

Under the EAJA, I award attorneys' fees to a claimant where (1) the claimant is a prevailing party, (2) the government's position was not substantially justified, (3) no special circumstances make an award unjust, and (4) the fee application is timely submitted and supported by an itemized statement. *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (citing *Comm'r, INS v. Jean,* 496 U.S. 154, 158 (1990)). The only element of this test in dispute here is whether the government's position was substantially justified. The SSA bears the burden of proof on this issue. *Hallmark Constr.*, 200 F.3d at 1079. The SSA must therefore show "that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.* at 1080 (internal quotations omitted). In applying this standard, I examine the SSA's conduct in both the prelitigation and litigation contexts. *Id.* The decision of an ALJ constitutes prelitigation conduct of an agency. *See Cummings v. Sullivan,* 950 F.2d 492, 497-99 (7th Cir. 1991) (examining an SSA ALJ's decision in the context of discussing the SSA's prelitigation position).

The fact that I previously upheld the decision of the ALJ does not conclusively establish that the SSA's position was

substantially justified; likewise, the fact that the Seventh Circuit found the ALJ's decision lacking does not conclusively establish that the SSA's position was *not* substantially justified. *See Pierce v. Underwood,* 487 U.S. 552, 569 (1988) ("[T]he fact that one . . . court agreed or disagreed with the Government does not establish whether its position was substantially justified."). However, although the Seventh Circuit's ruling is not conclusive as to the legitimacy of the SSA's position, its analysis of the ALJ's decision serves as the natural focal point of an inquiry into substantial justification. *See, e.g., Spaulding v. Massanari,* No. 99 C 7197, 2001 WL 826876, at *1 (N.D. Ill. July 23, 2001) (Moran, J.).

The "chief problem" that the circuit court found in the ALJ's decision was its "mischaracterization" of the medical evidence. *Steele,* 290 F.3d at 940. The court noted that the ALJ failed to explain why it had characterized EEG reports showing neurophysiological disturbances as "unremarkable." *Id.* The court also noted that the ALJ further depreciated the medical evidence by concluding that Mr. Steele's seizures were controlled by medication. *Id.* This conclusion was based on reports that the Seventh Circuit considered ambiguous at best. *Id.* at 936. The court determined that there was nothing in the ALJ's decision or the record to explain the insignificance of the EEG reports, *id.* at 940, and that the medical reports did not provide a rational basis

3

for the ALJ's conclusion that the seizures were controlled, *id.* at 941.

This is not simply a case where the ALJ failed to articulate whether she had considered contrary evidence. *See Stein v. Sullivan,* 966 F.2d 317, 320 (7th Cir. 1992) (finding ALJ's decision substantially justified despite the existence of contrary evidence that ALJ had failed to discuss). Here, the circuit court found that the record did not support the ALJ's decision. "Where an ALJ fails to develop the record to support its decision to deny benefits, the decision does not have a reasonable basis in fact, and is therefore, not substantially justified." *Godbey v. Massanari,* No. 99 C 2690, 2001 WL 1035205, at *3 (N.D. Ill. Sept. 4, 2001) (Hibbler, J.) (distinguishing *Stein*). That the case was remanded to allow the ALJ to better develop the record does not change the fact that her original decision was not substantially justified and Mr. Steele incurred recoverable expenses. *See Gibson-Jones v. Apfel,* 995 F. Supp. 825, 827 n.3 (N.D. Ill. 1998) (Bucklo, J.). Because the ALJ's decision, and consequently the SSA's prelitigation position, was not substantially justified, Mr. Steele is entitled to attorneys' fees under the EAJA.

II.  Calculation of Fees

Mr. Steele seeks a total fee award of $21,047.03. This figure is based on 148.7 hours of attorney work and 2.8 hours of legal assistant work. The legal assistant rate requested is $75.00 per

4

hour. The attorney rate requested varies from $134.15 per hour to $144.43 per hour, depending on the month in which the work was performed. The EAJA provides that attorneys' fees shall not be awarded in excess of $125.00 per hour unless the court determines that cost of living or some other factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). Here, Mr. Steele's attorneys adjusted a rate of $125.00 per hour upward based on the difference between the consumer price index for all consumers and the consumer price index for urban consumers each month. The SSA does not challenge either the legal assistant or the attorney rates sought, and thus neither do I.

The SSA does, however, question some of the hours expended by Mr. Steele's attorneys. One of Mr. Steele's attorneys, Elaine Sit, spent 8 hours drafting a statement of facts for the case before the circuit court. Another attorney, Barry Schultz, spent 2.5 hours reviewing the draft, and 1.2 hours discussing his suggestions with Ms. Sit. Ms. Sit then spent an additional 6.8 hours making the discussed changes to the statement of facts. The SSA claims that the amount of time spent on the statement of facts was excessive. While courts should not award fees for excessive or duplicative work, *see Jardien v. Winston Network, Inc.*, 888 F.2d 1151, 1160 (7th Cir. 1989) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)), it is perfectly reasonable that an attorney spend several hours drafting a document, have a senior attorney review it,

discuss that attorney's comments, and spend several hours incorporating the suggestions. The SSA also claims that Mr. Steele's attorneys are seeking fees for clerical tasks that could have been easily delegated to non-professionals. These tasks include things like discussions with assistants and file clerks on the proper formatting and filing of circuit court briefs, and brief inquiries to the Seventh Circuit on various administrative matters. With respect to the preparation and filing of the briefs, it is ultimately the attorney's responsibility to ensure that a brief meets all formal requirements of the circuit court and is filed properly; spending a minimal amount of time instructing assistants and reviewing final drafts is not unreasonable. With respect to the inquiries to the Seventh Circuit, the 1.1 hours Mr. Schultz spent contacting the circuit court regarding oral argument and the status of the case could have been performed by a non-professional and are therefore not compensable. *See Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 553 (7th Cir. 1999) (courts should disallow hours expended by counsel on "tasks that are easily delegable to non-professional assistance"). As a result, Mr. Steele's attorneys' fee request is reduced by $156.08.[1]

III. Conclusion

---

[1] The disallowed time consists of .2 hours on January 30, 2001; .5 hours on February 23, 2001; .2 hours on October 5, 2001; and .2 hours on April 22, 2002. Mr. Steele's cost of living adjusted rates for those months were $140.57 per hour, $141.14 per hour, $142.66 per hour, and $144.35 per hour respectively.

6

Mr. Steele's petition for an award of fees and costs pursuant to the Equal Access to Justice Act is GRANTED in the amount of $20,890.95.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: November 4, 2002